COMMONWEALTH *vs.* TERRENCE P. McHUGH.

Suffolk.   November 21, 1892. — December 5, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Assaulting attaching Officer — Title to Personal Property — Justification.*

It is no justification for an assault upon an officer, while removing goods which he had attached on a writ against A., upon whose premises they were, that the defendant was acting for B., who had bought the goods previously at a sale upon an execution in his favor against A., but whose title had never been completed by a delivery and possession of the goods, he allowing A. to retain them until the attachment.

COMPLAINT for an assault upon James Needham, a constable, while in the discharge of his duty, on March 25, 1892, at Boston.   Trial in the Superior Court, before *Bond*, J., who allowed a bill of exceptions, in substance, as follows.

James Needham, a constable of Boston, on March 24, 1892, had a writ of attachment from the Municipal Court of the city of Boston, in due form, to serve against one L. H. McHugh in an action of contract.   Needham took a keeper with him to McHugh's premises, No. 3 Winter Street, attached the property in the place, and placed the keeper in charge.   The defendant, who is the husband of L. H. McHugh, but who had no interest in the place or business, it being carried on by and in the name of his wife, was present at the time the attachment was made, and informed Needham that there was nothing in the store which he could attach, that the goods which were there belonged to other parties, and that he might as well remove his keeper, and report to the attorney to that effect.   Needham left the place in charge of the keeper, and on the same day two notices were given to the keeper, one signed by William Taylor, stating that all the goods on said premises belonged to him by bill of sale and delivery at sheriff's sale by auction, and the other signed by L. H. McHugh, notifying the officer to remove the keeper, as all the goods which belonged to her were exempt from attachment.   The keeper, later on the same day, gave them to Needham.

After Needham had received the notices, he consulted the

attorney for the plaintiff in the action in which the attachment was made, and then went back to the store, and began to remove the goods attached. Mrs. McHugh said to him that it would interfere with her business if the goods were removed, and that some of them had been made to order and were paid for. Needham told her that she might take out some of them for particular customers, and he would not remove them. Mrs. McHugh said to him that she needed them all. Needham then told her that he had been notified to remove the keeper, and that he must remove the goods attached. Mrs. McHugh replied that, if he would not remove the goods that night, he might let the keeper remain, and she would give him the key to the store. Under this arrangement, Needham left the goods and the keeper, and arranged with Mrs. McHugh that she might deliver certain goods to particular customers, and went away.

The next morning Needham went back to the store, and passed behind the counter to the show-case, and began to take out the goods and put them on top of the show-case for the purpose of removing them, when the defendant took hold of Needham by the coat and whiskers and pushed him from behind the counter, and threw him on the floor, and prevented him from removing the goods. After consulting the plaintiff's attorney, Needham removed the keeper.

There was evidence that, on January 3, 1890, an auction sale was made of goods, on an execution against L. H. McHugh and one James H. Clark as partners, on a judgment in favor of one William Taylor, and all the goods at that time on the premises were sold by a deputy sheriff to Taylor; but Taylor had never taken possession of the goods, which had always been in Mrs. McHugh's possession, and used by her as part of her stock, from which she sold a small portion from time to time, and some of which goods were included in the property attached by Needham. The defendant testified that he was acting for Taylor.

The defendant requested the judge to give the following rulings: "1. Upon the evidence for the government, the officer, Needham, was a trespasser *ab initio.* 2. The defendant had a right to treat the officer as a trespasser *ab initio.* 3. The defendant was justified in using reasonable force to eject Needham from the premises. 4. After the notices given, the officer was a

trespasser in not removing his keeper, or attempting to remove the goods on the day of the attachment. 5. After receiving notice that the goods belonged to Taylor, the officer was a trespasser *ab initio*. 6. The defendant was justified in using reasonable force to keep the officer from removing goods belonging to Taylor, if Taylor was owner, after the notice given."

The judge declined so to rule, and instructed the jury, that, if the defendant unlawfully interfered with the person of Needham while he was in the discharge of his duty as an officer, he was guilty of the offence charged in the complaint; that Needham had no right, on a writ against L. H. McHugh, to attach the property of Taylor; that, if the property which was attached by the officer was at the time of the attachment in the possession of the defendant in the writ by virtue of which the officer attached the goods, and she was exercising acts of ownership over them, and, after the goods were so attached, they were allowed by the officer to remain in her store in the custody of a keeper at her request, the defendant would not have the right to regain possession of such goods as the agent of Taylor by force when the officer was attempting to remove them from the store; and that, if the defendant unlawfully interfered with the person of the officer when he was so attempting to remove the goods, he was guilty of the offence charged in the complaint. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. Dunham*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

ALLEN, J. It appears from the bill of exceptions that Taylor's title was never completed by a delivery and possession of the goods sold to him, and therefore, so far as he was concerned, all the goods upon Mrs. McHugh's premises might lawfully be attached on a writ against her. *Hallgarten* v. *Oldham*, 135 Mass. 1, 8. The defendant, acting for Taylor, had no right to interfere to prevent their removal by the officer; and he justified his assault upon the sole ground that he was acting for Taylor. The instructions were, at the least, sufficiently favorable to the defendant, upon the undisputed facts of the case.

*Exceptions overruled.*